# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOHNSON, | 1:13-cv-00776-GSA-PC |
| Plaintiff, | ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE |
| vs. | |
| D. RODRIGUEZ,  et al., | ORDER DENYING MOTION FOR STAY (Doc. 5.) |
| Defendants. | |
| | SIXTY DAY DEADLINE TO FILE  FIRST AMENDED COMPLAINT |
| | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

## I.    BACKGROUND

Melvin Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 23, 2013.  (Doc. 1.)  On June 3, 2013, Plaintiff filed a motion for leave to amend the complaint, and for stay of this action for at least 60 days.  (Doc. 5.)

## II.   LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Because

Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after March 25, 2009.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on March 25, 2009.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## II.   MOTION TO STAY

Plaintiff requests the court to stay this action for at least sixty days until fellow inmate Arthur Carr, who will assist Plaintiff in preparing the amended complaint, returns from attending court proceedings in Sacramento.

The Court does not lightly stay litigation, and Plaintiff's only remedy is not a stay of this action.  In the alternative to a sixty-day stay, Plaintiff shall be granted sixty days in which

to file the First Amended Complaint.  If Plaintiff requires a further extension of time to file the First Amended Complaint, he should file a motion before the current deadline expires. Accordingly, Plaintiff's motion for stay shall be denied.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff is informed that he has leave to amend the complaint once as a matter of course;

2.  This order resolves Plaintiff motion to amend the complaint;

3.  Within sixty (60) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;

4.  The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:13-cv-00776-GSA-PC, and be an original signed under penalty of perjury;

5.  Should Plaintiff require a further extension of time, he should file a motion before the current deadline expires;

6.  Plaintiff's motion for stay of this action is DENIED;

7.  The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and

8.  Plaintiff is warned that his failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __June 5, 2013__                              _____ /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE